## UNITED STATES ex rel. NG SHER HIM v. REIMER.

District Court, S. D. New York.
April 20, 1938.

Giden & Giden, of New York City, for relator.

Lamar Hardy, U. S. Atty., of New York City (William H. Makepeace, of New York City, of counsel), for respondent.

COXE, District Judge.

This writ challenges the correctness of an excluding decision denying admission to NG Sher Fon, a Chinese boy of 14, who claims to be the son of NG Yin You, a deceased American citizen.

The citizenship of the alleged father is conceded. It is also conceded that the alleged father could have been in China at a time to make possible his paternity of the applicant. The Board, however, found in its examination of the records of prior proceedings that there was a serious discrepancy in the testimony with respect to the date of death of the applicant's alleged mother, and, mainly for that reason, it reached the conclusion that the claimed relationship of the applicant had not been reasonably established.

The witnesses before the Board were the applicant himself, NG Sher Him, a prior landed alleged brother, and the latter's son, NG Yuen Kee. There was no substantial disagreement in their testimony. In substance it was as follows: The applicant was born on March 8, 1924, in Wing On Village, Sun Ning District, China; his parents were NG Yin You and Chin Shee; NG Yin You was married only once, and had three sons, NG Sher Him, now 45, NG Sher Que, now deceased, but who would have been 43 if living, and the present applicant, now 14; Chin Shee died in the latter part of 1924 or the early part of 1925; and NG Yin You died in China in April or May, 1935, at the age of about 60.

From the records of the prior proceedings, it appears that NG Yin You, the alleged father, was born in San Francisco, and remained in this country until he was about 7 years of age. He then returned to China, where he stayed until 1900. He then came back to the United States, and was admitted as the son of a citizen. In 1921, he applied for a return permit to enable him to make a visit to China, and in support of his application testified that his wife was Chin Shee, then 46 or 47 years of age, and that he had two sons, "Ser Hen, 28, and Ser Kew, 26". He left the United States on this visit on Oct. 28, 1922, and returned on March 24, 1924.

It also appears from these records that NG Sher Him, one of the identifying witnesses for the applicant, was born in China on Nov. 22, 1893, and admitted at San Francisco in 1913 as the son of a citizen. He later made one visit to China, leaving this country in 1919, and returning in 1921. The second son, NG Sher Que, was born in China on Oct. 8, 1895, and admitted in 1920 as the son of a citizen. He died at

a hospital for the insane on Long Island on May 23, 1934.

When NG Yin You, the alleged father, returned from his visit to China in 1924, he stated that his wife, Chin Shee, was dead, and that he had married a second wife, also named Chin Shee, on Dec. 8, 1922. He also sought on this occasion to bring in a stepson, NG Kar Cheung, who, he asserted, was a child of his second wife. In the proceeding for the admission of this stepson, both NG Yin You and NG Sher Que testified. NG Yin You stated positively that his first wife, Chin Shee, had died in January, 1922, and that he had married his second wife on December 8, 1922. NG Sher Que, who accompanied his father on the voyage back from China, gave similar testimony with respect to the second marriage, and even described the wedding feast following the ceremony.

This testimony of the alleged father and his second son also finds corroboration in the testimony given by NG Sher Him, one of the present identifying witnesses, and his wife, also named Chin Shee, in 1935 and 1936. In 1935 NG Sher Him applied for a predetermination of his status in order to facilitate the admission of his wife, and at that time he stated that his mother, Chin Shee, died shortly after he returned to the United States from the trip he had made to China in 1919. He returned from this trip in 1921, and it is hardly to be understood that in making this statement he had in mind that his mother died in the latter part of 1924 or the early part of 1925, as he now asserts. In 1936, NG Sher Him brought to this country his wife, Chin Shee, who was admitted. Before leaving China, she made a statement at the American Consulate at Hong Kong in which she stated that she had married NG Sher Him on Feb. 5, 1920, and that her mother-in-law, Chin Shee, had died before her marriage.

■■ In the face of this showing, I do not think it can fairly be said that there was no evidence to support the finding of the Board. Indeed, I do not see how any other finding than the one made would have been at all justified. It is true that in the proceeding over the admission of Chin Shee, the wife of NG Sher Him, the credibility of the alleged father and his second son, with respect to portions of the testimony they gave in 1919 and 1924, was questioned by the Board which passed on the case. But the present Board was still at liberty to consider the testimony of these two witnesses in so far as it had any bearing on the pending application. Surely the alleged father was in a position to know in 1924, immediately after his return from China, whether his wife was living or not, and whether he had married a second time. He had no motive then for making any false statement in that respect. Moreover, his own son, NG Sher Que, who had been with him in China, supported him in his statement.

I think, also, that the great disparity in age between the present applicant and his two alleged brothers renders it most unlikely that the relationship claimed by the applicant ever existed.

The writ is dismissed and the relator remanded.